# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMES BARBER,**

              **Plaintiff,**

**-vs-**                                              **Case No. 6:09-cv-170-Orl-19GJK**

**JACK POTTER,**

              **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)**
>
> **FILED:**    **January 28, 2009**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot and the complaint be dismissed.

    On January 28, 2009, Plaintiff James Barber ("Plaintiff") initiated this action by filing his complaint ("Complaint") against Defendant Jack Potter ( the "Defendant"). Doc. No. 1. Plaintiff's Complaint consists of a short narrative of alleged events leading to the termination of his employment. Doc. No. 1. Plaintiff, who was apparently employed as a postal carrier, states that he was detained at work and questioned by the Office of Inspector General. *Id*. As a result of this questioning, Plaintiff was allegedly forced to make a false statement which resulted in his termination. *Id*. Plaintiff states that since his termination he is struggling to make every day payments and monthly payments. *Id*. In the

Complaint, Plaintiff requests an attorney and his union records. *Id*.

Plaintiff's Complaint does not state a claim, nor does it establish that this Court has jurisdiction. Plaintiff does not request any specific legal or equitable relief *Id.* Therefore, on January 30, 2009, the Court directed Plaintiff to file an amended complaint within fourteen (14) days. Doc. No. 3. In the order, the court notified Plaintiff that failure to timely file an amended complaint would result in the Complaint being dismissed. *Id.* On February 17, 2009, Plaintiff filed a hand written letter which states the following:

> I believe that the court already has jurisdiction and any type of relief being sought I'm seeking that the postal supervisor and any including in Jacksonville, FL which were all dealing in this case all to be dismissed from the Postal Service. And I'm also seeking the total sum of $10 million dollars in relief and the return of my service to status and from the point of this action. Any other action should be against my union to retrieve any and all records.
>
> P.S.
> Still would appreciate and request any attorney. Because my 5th Amendment rights were violated.

Doc. No. 4. To date, Plaintiff has not filed an amended complaint. Now before the Court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit ("Motion to Proceed *In Forma Pauperis*"). Doc. No. 2.

**I. THE LAW**

    **A. The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See*

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. Federal Rule of Civil Procedure 8

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must

---

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

contain the following:

> 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> 3) a demand for the relief sought, which may include relief in the alternative or difference types of relief.

Fed. R. Civ. P. 8 (2008). Rule 8 requires that a pleading be simple, concise and direct. *Id.*

## II. APPLICATION

A *pro se* plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff's Complaint fails to comply with the rudimentary requirements set forth in Federal Rule of Civil Procedure 8. Plaintiff does not establish this Court's jurisdiction to entertain the Complaint, and Plaintiff does not state any grounds for relief or upon what authority the Court may grant the relief requested. "While a trial judge is to employ less stringent standards assessing *pro se* pleadings . . . than would be used to judge the final product of lawyers, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." *Lampkin-Asam v. Volusia County School Bd.*, Case No. 07-12704 2008 WL 80708, *2 (11th Cir. January 9, 2008) *(citing Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976); *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). "In fact, we have recently observed that district courts have a 'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its factual predicates.'" *Id. (quoting Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006). Plaintiff's hand written letter is not an amended complaint. Therefore, having directed Plaintiff to file an amended complaint (Doc. No. 6) and seeing as Plaintiff has failed to comply

with that directive, the undersigned recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice and Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) be denied as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 18, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
**Unrepresented Party by Certified Mail**